UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMERCIALIZADORA RECMAQ, | Civil No.12cv0945 AJB (MDD) |
| Plaintiff, | ORDER: |
| v. | |
| HOLLYWOOD AUTO MALL, LLC, a California limited liability company dba HOLLYWOOD MOTORS, MOHAMAD REZA GHASEMI, and JAIME SOTOMAYOR, | (1) GRANTING DEFENDANT GHASEMI'S MOTION TO SET ASIDE ENTRY OF DEFAULT (Doc. No. 23); AND |
| Defendants. | (2) DENYING AS PREMATURE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. No. 20) |

Presently before the Court are Defendant Mohamed Ghasemi's ("Ghasemi") motion to set aside entry of default under Federal Rule of Civil Procedure 55(c), and Plaintiff Comercializadora Remaq's ("Plaintiff") motion for default judgment. Pursuant to Civil Local Rule 7.1.d.1, the Court finds both motions suitable for determination on the papers and without oral argument. Accordingly, the motion hearing set for February 28, 2013, is hereby vacated. For the reasons set forth below, Ghasemi's motion to set aside entry of default is hereby GRANTED, (Doc. No. 23), and Plaintiff's motion for default judgment is hereby DENIED as premature, (Doc. No. 20).

### ***BACKGROUND***

This case involves an alleged oral contract (the "Contract") entered into by and between Plaintiff and Defendants Hollywood Auto Mall, LLC ("Hollywood Auto Mall"), Ghasemi, and Jamie Sotomayor ("Sotomayor") (collectively, "Defendants"), in or around 2002. (Comp. ¶11.) To effectuate the

Contract, money was transferred from Plaintiff to Defendants on various occasions during 2009 and 2010, totaling approximately $1,099,000.[1]  (*Id*. at ¶¶ 17-21.)  Pursuant to the Contract, Defendants agreed to locate heavy machinery for sale at auctions in the United States and advise Plaintiff of the availability, condition, and specifications of the equipment.  (*Id.* at ¶ 11.)  Upon further instruction by Plaintiff, the Contract also specified Defendants would purchase the equipment for the benefit and on behalf of Plaintiff.  (*Id.*)  To date however, Defendants have not delivered the equipment as promised, nor have Defendants returned any portion of the funds transferred to Defendants for the purchase of the equipment.  (*Id.* at ¶¶ 17-18.)

On April 17, 2012, Plaintiff filed a Complaint against Defendants alleging fifteen causes of action, including: (1) fraud; (2) conspiracy to commit fraud; (3) breach of contract; (4) RICO violation; (5) RICO conspiracy; (6) conversion; (7) unfair business practices; (8) intentional interference with prospective economic advantage; (9) breach of implied covenant of good faith and fair dealing; (10) breach of fiduciary duty; (11) unjust enrichment; (12) account stated; (13) debt; (14) money lent; and (15) money paid. (Doc. No. 1.)  On July 12, 2012, the clerk entered default against Hollywood Auto Mall and Sotomayor.  (Doc. No. 9.)  Default was not entered against Ghasemi at this time because Plaintiff had failed to effectuate service of the Summons and Complaint.  On August 22, 2012, the Court granted Plaintiff's motion to serve Ghasemi by publication, and extended the deadline by which Plaintiff had to file any forthcoming motion for default judgment.  (Doc. Nos. 12, 13.)

Plaintiff published a copy of the Summons in the San Diego Union Tribune on September 14, 2012, September 21, 2012, September 28, 2012, and October 5, 2012.  (Doc. No. 16.)  Service of Ghasemi was considered complete on October 5, 2012, and Plaintiff filed a proof of service with the Court on October 11, 2012.  (*Id.*)  On October 11, 2012, the Court ordered Ghasemi to answer or otherwise respond to the Complaint by October 27, 2012, and instructed Plaintiff that any application for default judgment against all Defendants must be filed no later than November 26, 2012. (Doc. No. 15.)  Ghasemi failed to timely respond to the Complaint, and the clerk entered default against Ghasemi on November 13, 2012.  (Doc. No. 18.)

---

[1] Plaintiff alleges money was transferred to Defendants on multiple occasions in the amounts of $338,400.00, $139,500.00, $240,00.00, and $381,100.00, totaling $1,099,00.00. (Comp. ¶¶17-21.)

On November 14, 2012, Ghasemi filed a motion to dismiss the Complaint, which was rejected by the Court as untimely. (Doc. No. 19.) On November 26, 2012, Plaintiff filed a motion for default judgment against all Defendants. (Doc. No. 20.) On December 14, 2012, Ghasemi filed the instant motion to set aside the entry of default. (Doc. No. 23.) Plaintiff filed an opposition on January 18, 2013, (Doc. No. 27), and Ghasemi filed a reply on January 31, 2012, (Doc. No. 31).

## *DISCUSSION*

**I.    Legal Standard**

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause . . . " Fed. R. Civ. P. 55(c). To determine "good cause," a court must consider three factors: " '(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.' " *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). These factors, which are consistently referred to as the "*Falk* factors," are disjunctive, such that a court may decline to vacate an entry of default upon a finding of any of the factors. *Brandt*, 653 F.3d at 1111; *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010). Nonetheless, a district court is not, as a matter of law, required to deny a motion to set aside entry of default upon a finding of any of the factors. *See Brandt*, 653 F.3d at 1111.

Crucially, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk,* 739 F.2d at 463). Moreover, the *Falk* factors are more liberally applied in the context of a clerk's entry of default than in the default judgment context. *Mesle*, 615 F.3d at 1091 n. 1 (quoting *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)); *see also Haw. Carpenter's Trust v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). Additionally, while pro se litigants are not entitled to a general exemption from the rules of procedure, the "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Mesle*, 615 F.3d at 1089; *Falk,* 739 F.2d at 463 (finding the defendant's failure to timely respond not culpable because she was unrepresented and the local legal aid office had declined to assist her).

## II.  Analysis

### A.  Whether Defendant Ghasemi Engaged in Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) ("*TCI*") (emphasis in original).  "The term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with *bad faith*, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.' " *Mesle*, 615 F.3d at 1092 (emphasis added).  Thus, culpability involves more than a party's "nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings." *TCI*, 244 F.3d at 698.  A district court should consider a "bevy of equitable factors" when considering culpability. *Id.* at 697.

Ghasemi argues his conduct was not culpable because he was in Iran for much of the time Plaintiff attempted service and was not aware that he had been validly served until late November 2012.[2] (Doc. No. 23 at 5.)  Ghasemi also maintains that although he had knowledge of the Complaint in or around September 2012, he failed to immediately respond because he was suffering from medical issues related to anxiety and depression. (*Id.*)  Ghasemi further alleges that after returning from his second trip to Iran he contacted an attorney to assist him in defending the underlying matter, but a miscommunication with the attorney further contributed to his delayed response.[3] (*Id.*)  Thus, Ghasemi contends he filed a motion to dismiss and took action to defend the underlying suit soon after learning service was valid. (Doc. No. 23, Ghasemi's Decl. ¶¶ 8, 9.)

Conversely, Plaintiff argues Ghasemi's failure to timely respond was culpable because Plaintiff attempted personal service prior to Ghasemi's first trip to Iran, and did not commence service by publication until after Ghasemi returned from his second trip. (Doc. No. 27 at 8.)  Therefore, Ghasemi

---

[2] Ghasemi's declaration states he was out of the country from May 8, 2012 to July 27, 2012, and again from August 30, 2012 to September 8, 2012.  (Doc. No. 23, Ghasemi Decl. ¶ 2.)

[3] *See* Declaration of Ajay Gupta ("Due to an oversight on my part, I failed to follow up with Mr. Ghasemi.") (Doc. No. 23, Gupta Decl. ¶ 2.)

had actual notice of the underlying lawsuit forty-three (43) days before he was required to respond to the Complaint. (*Id.*)  Plaintiff also argues Ghasemi has no explicit proof of his alleged medical condition, and thus any such arguments in support of vacating the entry of default are without support. (*Id.* at 9)

In light of the applicable legal standard governing setting aside an entry of default, the Court finds Ghasemi's failure to timely respond to the Complaint excusable rather than culpable.  Culpable conduct requires more than knowledge of the complaint and a conscious choice not to answer.  *Mesle*, 615 F. 3d at 1092.  Rather, conduct is culpable only where the explanation of the default is consistent with a devious, deliberate, willful or bad faith failure to respond.  *Employee Painter's Trust v. Ethan Enters.*, 480 F.3d 993, 1000 (9th Cir. 2007).   Here, although Ghasemi may have had knowledge of the Complaint after he returned from his first trip to Iran, and was present in the United States when Plaintiff commenced service by publication, the Court finds Ghasemi's failure to respond, even if intentional, was not in bad faith or a wilful delay aimed at manipulating the legal process.  *See TCI*, 244 F.3d at 698.  Moreover, and perhaps more determinative, Ghasemi was, and still is unrepresented by legal counsel, and cited medical reasons for his inability to timely respond to the Complaint.[4]  *Falk*, 739 F.2d at 463; *TCI*, 244 F.3d at 698, n. 5 ("The defendant's or counsel's physical or mental illness is a common ground for finding conduct non-culpable when considering whether to lift a default judgment or overturn the failure to lift a default judgment.").  Accordingly, the Court finds this factor weighs in favor of setting aside the entry of default.

**B.     Whether Defendant Ghasemi has a Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI*, 244 F.3d at 700 (citations omitted).  The burden, however, "is not extraordinarily heavy." *Id.*  "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle,* 615 F.3d at 1094; *see also O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) ("Where timely relief is sought from a default and the

---

[4] The Court is aware, however, that an attorney is assisting Ghasemi with this action. Counsel assisting Ghasemi submitted a declaration with the instant motion informing the Court that due to an oversight counsel failed to initially follow up with Ghasemi. (Doc. No. 23, Gupta Decl. ¶ 2.)

movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits.").

Here, Ghasemi argues he has a meritorious defense because the Complaint does not raise sufficient factual matters to support a claim, lacks specificity, and is too vague to allow Ghasemi to adequately file a responsive pleading. (Doc. No. 26, Ghasemi's Notice of Errata at 11.) Ghasemi also alleges that because he is not a managing member, director, or corporate officer of Hollywood Auto Mall, he is not liable for any of the alleged wrongful conduct. (Doc. No. 30, Ghasemi Decl. ¶ 12.) In support, Ghasemi references his forthcoming motion to dismiss, which he plans to file in the event the Court grants the instant motion to set aside entry of default. (Doc. No. 26, Ex. B.) In response, Plaintiff argues Ghasemi's motion to dismiss is insufficient, as it is nothing more than a general denial of the Complaint and does not assert specific facts that could constitute a defense. (Doc. No. 27 at 11.) The Court is not persuaded. While legal conclusions devoid of factual support are insufficient to meet this factor, the Court finds Ghasemi's allegations, if taken as true, constitute a valid defense. *See Mesle*, 615 F.3d at 1094. Accordingly, the Court finds this factor also weighs in favor of setting aside the entry of default.

### C.     **Prejudice to Plaintiff**

Finally, the moving party must establish that the plaintiff will not be prejudiced if the entry of default is vacated. In determining whether the plaintiff will be prejudiced, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI,* 244 F.3d at 701. "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assur. Co*, 95 F.3d 429, 433-34 (9th Cir. 1996).

Here, the Court finds vacating the entry of default will not be prejudicial to Plaintiff. Although Plaintiff has expended time and additional resources to locate and serve Ghasemi, the clerk did not enter default against Ghasemi until November 13, 2012, thirteen (13) days before Ghasemi filed the instant motion to vacate entry of default. Thus, no tangible harm will result from re-opening the action with

respect to Ghasemi and allowing a determination on the merits. Moreover, the slight delay in resolution of the case will not result in loss of evidence, increased difficulties in discovery, or Plaintiff's ability to obtain relief through litigation. *See TCI Group*, 244 F.3d at 701 (noting the costs associated with litigating a case on the merits cannot be considered prejudicial for the purpose of vacating an entry of default); *E. & J. Gallo Winery v. Cantine Rallo, S.P.A.*, 430 F. Supp. 2d 1064, 1091 (E.D. Cal. 2005); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (loss of a quick victory was insufficient to warrant prejudice so as to preclude setting aside an entry of default judgment.) Accordingly, this factor also weighs in favor of vacating the entry of default.

## CONCLUSION

As stated above, after a careful consideration of the *Falk* factors the Court GRANTS Ghasemi's motion to set aside the entry of default. (Doc. No. 23.) As a result, Plaintiff's motion for default judgment against all Defendants is DENIED as premature. (Doc. No. 20.) The Ninth Circuit has held that where defendants are similarly situated, it would be improper for judgment to be entered against a defaulting defendant until the matter has been adjudicated with regard to all defendants. *See In re First T.D. & Inc., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). Accordingly, Ghasemi is instructed to answer or otherwise respond to the Complaint no later than **March 8, 2013**. Failure to do so will result in reinstating the clerk's entry of default and Plaintiff's motion for default judgment against all Defendants. Moreover, in light of the Court's dismissal of Plaintiff's motion for default judgment, Plaintiff may renew any motion for default judgment against Defendants no later than forty-five (45) days after Plaintiff's claims against Ghasemi have been resolved.

IT IS SO ORDERED.

DATED: February 6, 2013

Hon. Anthony J. Battaglia
U.S. District Judge